[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 11038
This action is a petition for habeas corpus relief from incarceration arising from convictions for illegal possession of cocaine with intent to sell by a non-drug-dependent person, in violation of Connecticut General Statutes 21a-278(b); conspiracy to commit the same, in violation of Connecticut General Statutes53a-48; illegal possession of cocaine, in violation of Connecticut General Statutes 21a-279a; and a violation of probation, for which the petitioner received a total, effective sentence of twenty-four years confinement.
On February 10, 1992, the taking of evidence at the petitioner's jury trial began regarding the above-mentioned charges (Petitioner's Exhibit A-1). On the third day of testimony, the petitioner withdrew his pleas of not guilty and his jury election and entered guilty pleas to all counts. (Petitioner's Exhibit A-3). On May 8, 1992, the petitioner received sentences of twenty years, twenty years, and seven years, respectively, on the criminal charges, concurrent, and also received a sentence of four years, consecutive, on the violation of probation.
The petitioner took no appeal from the imposition of these sentences nor did he move to withdraw his guilty pleas under Connecticut Practice Book 721 or other authority. On November 24, 1992, he filed this habeas action, and on December 15, 1993, this court held the habeas corpus hearing.
In an amended petition, the petitioner asserts that his trial counsel, Attorney Earl Williams, rendered ineffective assistance by wrongly coercing the petitioner to change his pleas and by misinforming the petitioner that he would receive an eight year sentence as a result of the change in pleas.
Our Supreme Court has adopted the two-pronged Strickland test for claims of ineffective assistance, Ostolaza v. Warden, 26 Conn. App. 758
(1992), p. 761. That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different, Ibid.
The respondent has properly conceded that, if the petitioner's trial counsel misinformed him that an agreement had been reached CT Page 11039 whereby the prosecutor would be recommending an eight year sentence in exchange for pleas of guilty or that a judicial indication to impose such a sentence had been made when, in reality, no such agreement or indication had been obtained, this would constitute representation falling below that of a reasonably competent attorney. Thus, the only issue the court need decide with respect to the first prong of the Strickland standard is one of credibility.
The petitioner proffered the testimony of himself, his nephew, and his girlfriend, all of whom indicated that, on the third day of the jury trial, Attorney Williams approached the petitioner and strongly urged him to change his pleas and accept an eight year jail term. Reluctantly, the petitioner accepted this advice, withdrew his not guilty pleas, and pled guilty to the charges.
Attorney Williams also testified at the habeas hearing. He indicated, on the other hand, that when the petitioner's criminal case was in a pre-trial stage, the prosecutor had offered to recommend a ten year jail term, but the petitioner rejected this offer. Once the trial commenced, the prosecutor refused to engage in further plea negotiations.
Attorney Williams also noted that the theory of the defense was that although the petitioner was present when some of the narcotics were seized, an insufficient nexus between the petitioner and the drugs existed to convict the petitioner. However, on the third day of trial this defense suffered a serious blow.
Terence Thompson, an alleged co-conspirator of the petitioner, decided to turn state's evidence. Attorney Williams spoke to the prosecutor and Thompson's attorney and learned that Thompson's expected testimony would firmly link the petitioner with the narcotics. In fact, his testimony would implicate the petitioner as one of the leaders of an extensive drug trafficking enterprise. Given this turn of events, Attorney Williams advised the petitioner to plead guilty and hope for clemency for having done so.
Attorney Williams specifically denied informing the petitioner that he would receive an eight year sentence. He stated he informed the petitioner that the prosecutor indicated that, if the petitioner cooperated with law enforcement officers investigating narcotics dealing, such cooperation would be made known to the sentencing judge. CT Page 11040
Credibility is for the trier-of-fact to determine. The court finds the testimony of Attorney Williams to be credible and corroborated by other evidence. During his plea canvass, the petitioner acknowledged that no promises had been made to him to induce his change of pleas (Petitioner's Exhibit A-3, p. 15). Also, he acknowledged that neither the prosecutor nor the judge had made any agreement as to what sentence would be imposed as a result of the change of plea (Petitioner's Exhibit A-3, pp. 15 and 16). At the time of sentencing, the trial court reiterated the "limits" of the sentences which totalled forty-seven years, and both the prosecutor and Attorney Williams specifically confirmed this statement (Petitioner's Exhibit A-4, p. 4). The prosecutor urged the trial judge to impose an effective sentence of twenty years (petitioner's Exhibit A-4, p. 10). Subsequent to these statements on the record, the judge asked the petitioner if he wished to say anything to the court, and the petitioner's reply was limited to his regret for having committed the crimes (Petitioner's Exhibit A-4, p. 15). At no time during the sentencing hearing did the petitioner protest or express his belief that he was to receive an eight year jail term.
The court finds it inconceivable that Attorney Williams would convey to the petitioner an eight year recommendation when no such agreement existed. Attorney Williams stood to gain nothing by such subterfuge. Consequently, the court finds that the petitioner has failed to meet his burden of proving that Attorney Williams rendered ineffective assistance in the manner alleged in the petition.
The petition is, therefore, dismissed.
Sferrazza, J.